ABRAHAM SHAPIRO
vs.
SAMUEL MILLER

Superior Court New London County File #10141

Present: Hon. ALLYN L. BROWN, Judge.

George C. Morgan, Attorney for the Plaintiff.

Samuel Gruskin, Attorney for the Defendant.

**MEMORANDUM FILED MARCH 11, 1935.**

BROWN, J: The plaintiff sues to recover on the common counts for the sale to the defendant of retail clothing store stock and fixtures located at 52 Main Street, New London. The undisputed evidence is that on Tuesday, May 23, 1933, the plaintiff turned over to the defendant this stock of goods and fixtures and possessions of the store in which they were located, pursuant to the terms of the bill of sale, Exhibit A, in evidence. Seventeen hundred dollars ($1700.00) was the total agreed price. One hundred and fifty dollars ($150.00) was paid to the plaintiff upon delivery of the property and possessions, and the balance of $1550.00 was left in escrow with the attorneys of the plaintiff and defendant jointly, to be held by them fourteen days before being paid to the plaintiff, as a guarantee or protection to the defendant against attachment by any creditor of the plaintiff, no notice of this sale as required by statute, for the protection of creditors, having been given. On Wednesday, the day after the defendant took over the store, two creditors of the plaintiff demanded that their bills be paid. Similar claims by other creditors followed. On Saturday, pursuant to a writ of attachment against the plaintiff, a deputy sheriff put a keeper in charge of the store, and on the following Monday with the consent of both parties, the store was finally locked up by the sheriff, not to reopen.

The plaintiff claims, as I understand it, that the defendant had abstracted a large amount of merchandise from the store secretly, which violated the spirit at least of the arrangement between the parties, and precipitated the attachments which resulted in the final closing of the store, and that therefore the plaintiff should recover herein the balance of the purchase price minus what the plaintiff realized from one Kaplan by the sale of what stock remained. My conclusion is that through the necessities of the situation which developed in consequence of the attachments referred to, for which the defendant was in no sense legally responsible at any rate, the parties mutually agreed to the rescission of the sale.

This does not, however, preclude a recovery herein by the plaintiff from the defendant for the reasonable value of such merchandise as the defendant sold or had carried away from the store before it was finally locked up. The defendant claims to have taken the latter "under advice of counsel" to protect himself on the $150 deposit he had made to the plaintiff on account of the purchase price. A strange and significant fact in this connection is his admitted failure to make or keep any record or inventory of the merchandise so taken. While the plaintiff's evidence òf just what these articles were, naturally cannot be as specific under the circumstances as would be offered in the ordinary case, there is sufficient evidence to support a finding as to the value thereof. I find it to have been $500.00.

The defendant realized $95.90 from merchandise sold while he was in possession. Under the allegations of the counterclaim the defendant is entitled to credit as follows: deposit $150.; cash paid for signs $10.; cash paid for advertising $26.: total $186. Deducting this from $595.90 leaves $409.90.

Judgment may be entered for the plaintiff to recover of the defendant Miller $409.90 damage plus costs.